IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LIPSCOMB,

      Plaintiff,                No. 2:12-cv-1337 GEB DAD P

     vs.

J. RYNERSON, et al.,

      Defendants.      ORDER

_____/

        Plaintiff is a state prisoner proceeding *pro se* with a civil rights action pursuant to 42 U.S.C. 1983. Defendants' response to the complaint was due on September 19, 2012 after they received an extension of time to file and serve a response. On September 10, 2012, plaintiff filed a notice of a change of address. (See Dkt. No. 17.) On September 19, 2012, defendants filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) with the court. However, defendants erroneously served the motion to dismiss to plaintiff's prior address of record.

        On October 15, 2012, plaintiff filed a notice with the court that defendants were in violation of the order of the court which required defendants to respond to the complaint by September 19, 2012. (See Dkt. No. 19.) On October 16, 2012, defendants properly served their motion to dismiss on plaintiff at his current address of record. (See Dkt. No. 23.)

1

On October 22, 2012, defendants filed a motion nunc pro tunc for an extension of time to file and serve their motion to dismiss. (See Dkt. No. 24.) In that motion, defendants' counsel explains that he inadvertently originally had served the motion to dismiss on plaintiff at his former address of record and noted that the motion to dismiss has now been served on plaintiff at his current address. Defendants request that the court deem their motion to dismiss timely filed and served. Good cause being shown, defendants' motion will be granted and the September 19, 2012 motion to dismiss will be deemed timely filed and served.

Plaintiff has also filed a motion requesting the appointment of counsel. The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the district court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

The test for exceptional circumstances requires the court to evaluate the plaintiff's likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. In the present case, the court does not find the required exceptional circumstances.

Accordingly, IT IS HEREBY ORDERED that

1. Defendants' motion for a nunc pro tunc extension of time to file and serve a response to the complaint (Dkt. No. 24.) is GRANTED. Defendants' September 19, 2012 motion to dismiss which was filed with the court, but not properly served on plaintiff until October 16, 2012 is deemed timely filed and served;

/////

2. Plaintiff shall file and serve a response to defendants' motion to dismiss within thirty (30) days of the date of this order. Failure to do so may result in a recommendation that this action be dismissed without prejudice; and

3. Plaintiff's October 15, 2012, motion for appointment of counsel (Dkt. No. 20) is DENIED.

DATED: November 8, 2012.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:dpw
lips1337.31.eot