IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSE LIPSCOMB,

      Plaintiff,                      No. 2:12-cv-1337 GEB DAD P

    vs.

J. RYNERSON et al.,                 ORDER AND

      Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss. Plaintiff has filed an opposition to the motion, and defendants have filed a reply.

**BACKGROUND**

        Plaintiff is proceeding on his original complaint. Therein, he alleges as follows. After defendant correctional officers Rynerson and Berry searched his cell, Rynerson instructed him to go back into the cell and lock up. When plaintiff got half way into his cell, he slipped on water on the floor and injured his hip. Plaintiff alleges that he has had a hip replacement. He asked the defendants to help him and call in a medical code, but they refused and left him laying on the floor of his cell for fifteen to twenty minutes in extreme pain. Defendants Rynerson and

/////

Berry told him he was faking the injury.  Ultimately, Sergeant Major ordered defendant Berry to execute the medical code.  (Compl. 5-6 & Ex. A.)

## THE PARTIES' ARGUMENTS

Defendants move to dismiss plaintiff's state law claim for negligence on the grounds that plaintiff failed to comply with the California Government Claims Act ("GCA"). Specifically, defense counsel contends that plaintiff failed to file a timely claim with the Victim Compensation and Government Claims Board, which is a condition precedent to filing a lawsuit for damages against state employees.  Defense counsel also moves to dismiss plaintiff's claims for injunctive relief on the grounds that they are now moot because he has been transferred from California State Prison - Solano to the California Substance Abuse and Treatment Facility. (Defs.' Mot. to Dismiss at 4-7 & Defs.' Reply at 2-3.)

In opposition to the motion, plaintiff contends that he did submit a claim to the Board with a letter explaining why his claim was late.  He asked the Board to accept the claim, to no avail.  Plaintiff contends that the Board's rejection of his claim does not prejudice the defendants and, accordingly, the court should not dismiss his negligence claim.  Plaintiff concedes that his claims for injunctive relief have been rendered moot by his transfer.  (Pl.'s Opp'n to Defs.' Mot. to Dismiss at 1-2.)

## ANALYSIS

Under the GCA, a claimant may not maintain a cause action for damages against a state employee unless he has first presented a written claim to the state Victim Compensation and Government Claims Board, and the Board has acted on it. See Cal. Gov't. Code §§ 905, 905.2, 945.4, & 950.2.  A claimant must have submitted any such claim "not later than six months after the accrual of the cause of action." Id. § 911.2.  If a claimant has failed to present a claim within six months, he may file a written application for leave to present a late claim "within a reasonable time not to exceed one year after the accrual of the cause of action." Id. § 911.4.

/////

1        In this case, plaintiff failed to timely comply with the GCA's claim presentation requirement. Liberally construed, plaintiff's complaint states a negligence claim against the defendants. Plaintiff's negligence claim accrued on November 26, 2010, when he slipped and fell in his cell. However, plaintiff did not submit his claim to the Board until February 17, 2012, more than a year after his negligence cause of action had accrued. As a result, the Board was barred under state law from considering plaintiff's administrative claim or an application on his behalf for leave to present a late claim, and plaintiff is now precluded from pursuing his negligence claim for damages in this action. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988) (state law claims are subject to dismissal for failure to comply with GCA's claim presentation requirement); Garber v. City of Clovis, 698 F. Supp. 2d 1204, 1218 (E.D. Cal. 2010) ("Filing a late-claim application within one year after the accrual of a cause of action is a jurisdictional prerequisite to a claim-relief petition.") (quoting Munoz v. State of California, 33 Cal. App. 4th 1767, 1779 (1995)). Accordingly, defendants' motion to dismiss plaintiff's negligence claim should be granted.

        As to plaintiff's claims for injunctive relief, the parties do not dispute and this court finds that those claims are now moot because plaintiff is no longer subjected to the alleged conditions he complained of at California State Prison - Solano. On September 10, 2012, plaintiff filed a notice of change of address in this action and informed the court that he is now incarcerated at the California Substance Abuse Treatment Facility. See Weinstein v. Bradford, 423 U.S. 147, 149 (1975); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, defendants' motion to dismiss plaintiff's claims for injunctive relief should be granted.

## OTHER MATTERS

        Plaintiff has filed two motions for an extension of time to file a motion for summary judgment. Plaintiff is advised that the court has not yet issued a discovery and scheduling order in this case and no deadline has yet been established for the parties to file

/////

dispositive motions at this time.  Accordingly, the court will deny plaintiff's motions for an extension of time as unnecessary.

Plaintiff has also filed a motion for injunctive relief and complains that he needs additional access to the law library.  The court will deny plaintiff's motion for the following reasons.  First, plaintiff's motion is defective because it does not comply with the Local Rules of this Court.  The court will not entertain any future motion for injunctive relief from plaintiff that is not supported by (1) a declaration under penalty of perjury on the question of irreparable injury, (2) a memorandum of points and authorities addressing all legal issues raised by the motion, and (3) evidence of notice to all persons who would be affected by the order sought.  See Local Rule 231.  In addition, in plaintiff's motion, he seeks an order against "the Law Library at California Substance Abuse Facility."  Plaintiff is advised that this court is unable to issue an order against any entity or individual who is not a party to a suit pending before it.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969); Zepeda v. United States Immigration Service, 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court.").  Finally, "[t]he proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'"  Stormans v. Selecky, 571 F.3d 960, 978 (9th Cir. 2009) (quoting Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008)).  In plaintiff's motion, he contends that he requires additional access to the prison law library in order to meet the deadline to file a motion for summary judgment in this action.  However, as noted above, the court has not set a deadline for the parties to file dispositive motions in this action at this time.  As such, plaintiff's claim is premature, and he fails to meet the standard for preliminary injunctive relief.  Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Plaintiff's motions for an extension of time to file a motion for summary judgment (Doc. Nos. 32 & 33) are denied as unnecessary; and

2. Plaintiff's motion for preliminary injunctive relief (Doc. No. 34) is denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss plaintiff's negligence claim (Doc. No. 18) be granted;

2. Defendants' motion to dismiss plaintiff's claims for injunctive relief (Doc. No. 18) be granted; and

3. This case be referred back to the undersigned for further proceedings on plaintiff's Eighth Amendment deliberate indifference claim.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 2, 2013.

_Dale A. Drozd_
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
lips1337.57