UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESSIE LIPSCOMB,

               Plaintiff,

     v.

J. RYNERSON et al.,

               Defendants.

No.  2:12-cv-1337 GEB DAD P

FINDINGS AND RECOMMENDATIONS

Plaintiff is a state prisoner proceeding pro se with a civil rights action seeking relief under 42 U.S.C. § 1983.  This matter is now before the court on the parties' cross-motions for summary judgment.

**BACKGROUND**

Plaintiff is proceeding on his original complaint.  Therein, he alleges as follows.  After defendant correctional officers Rynerson and Berry searched plaintiff's cell, officer Rynerson instructed plaintiff to go back into the cell and lock up.  When plaintiff got half way into his cell, he slipped on water on the floor and injured his hip.  Plaintiff has had a hip replacement.  After plaintiff's fall, he made his way to the Building 12 dayroom and asked the defendants to call in a medical code, but they refused and left him lying on the floor for fifteen to twenty minutes in extreme pain.  Defendants Rynerson and Berry told plaintiff that he was faking the injury.

/////

1

1    Ultimately, Sergeant Major ordered defendant Berry to execute the medical code.  (Compl. 5-6 &
2    Ex. A.)

3                       **SUMMARY JUDGMENT STANDARDS UNDER RULE 56**

4           Summary judgment is appropriate when the moving party "shows that there is no genuine
5    dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.
6    Civ. P. 56(a).

7           Under summary judgment practice, the moving party "initially bears the burden of
8    proving the absence of a genuine issue of material fact."  In re Oracle Corp. Securities Litigation,
9    627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).
10   The moving party may accomplish this by "citing to particular parts of materials in the record,
11   including depositions, documents, electronically store information, affidavits or declarations,
12   stipulations (including those made for purposes of the motion only), admission, interrogatory
13   answers, or other materials" or by showing that such materials "do not establish the absence or
14   presence of a genuine dispute, or that the adverse party cannot produce admissible evidence to
15   support the fact."  Fed. R. Civ. P. 56(c)(1)(A), (B).  When the non-moving party bears the burden
16   of proof at trial, "the moving party need only prove that there is an absence of evidence to support
17   the nonmoving party's case."  Oracle Corp., 627 F.3d at 387 (citing Celotex, 477 U.S. at 325.).
18   See also Fed. R. Civ. P. 56(c)(1)(B).  Indeed, summary judgment should be entered, after
19   adequate time for discovery and upon motion, against a party who fails to make a showing
20   sufficient to establish the existence of an element essential to that party's case, and on which that
21   party will bear the burden of proof at trial.  See Celotex, 477 U.S. at 322.  "[A] complete failure
22   of proof concerning an essential element of the nonmoving party's case necessarily renders all
23   other facts immaterial."  Id.  In such a circumstance, summary judgment should be granted, "so
24   long as whatever is before the district court demonstrates that the standard for entry of summary
25   judgment, . . ., is satisfied."  Id. at 323.

26          If the moving party meets its initial responsibility, the burden then shifts to the opposing
27   party to establish that a genuine issue as to any material fact actually does exist.  See Matsushita
28   Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to establish the

1    existence of this factual dispute, the opposing party may not rely upon the allegations or denials

2    of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or

3    admissible discovery material, in support of its contention that the dispute exists.  See Fed. R.

4    Civ. P. 56(c)(1); Matsushita, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the

5    fact in contention is material, i.e., a fact that might affect the outcome of the suit under the

6    governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); T.W. Elec. Serv.,

7    Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is

8    genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving

9    party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

10          In the endeavor to establish the existence of a factual dispute, the opposing party need not

11    establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual

12    dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at

13    trial."  T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce

14    the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'"

15    Matsushita, 475 U.S. at 587 (citations omitted).

16          "In evaluating the evidence to determine whether there is a genuine issue of fact," the

17    court draws "all reasonable inferences supported by the evidence in favor of the non-moving

18    party."  Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011).  It is

19    the opposing party's obligation to produce a factual predicate from which the inference may be

20    drawn.  See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985),

21    aff'd, 810 F.2d 898, 902 (9th Cir. 1987).  Finally, to demonstrate a genuine issue, the opposing

22    party "must do more than simply show that there is some metaphysical doubt as to the material

23    facts . . . .  Where the record taken as a whole could not lead a rational trier of fact to find for the

24    nonmoving party, there is no 'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation

25    omitted).

26    /////

27    /////

28    /////

3

1    **OTHER APPLICABLE LEGAL STANDARDS**

2    I. <u>Civil Rights Act Pursuant to 42 U.S.C. § 1983</u>

3          The Civil Rights Act under which this action was filed provides as follows:

4              Every person who, under color of [state law] . . . subjects, or causes
               to be subjected, any citizen of the United States . . . to the
5              deprivation of any rights, privileges, or immunities secured by the
               Constitution . . . shall be liable to the party injured in an action at
6              law, suit in equity, or other proper proceeding for redress.

7    42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

8    actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  <u>See</u>

9    <u>Monell v. Department of Social Servs.</u>, 436 U.S. 658 (1978); <u>Rizzo v. Goode</u>, 423 U.S. 362

10   (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

11   meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

12   omits to perform an act which he is legally required to do that causes the deprivation of which

13   complaint is made."  <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

14          Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

15   their employees under a theory of <u>respondeat superior</u> and, therefore, when a named defendant

16   holds a supervisorial position, the causal link between him and the claimed constitutional

17   violation must be specifically alleged.  <u>See</u> <u>Fayle v. Stapley</u>, 607 F.2d 858, 862 (9th Cir. 1979);

18   <u>Mosher v. Saalfeld</u>, 589 F.2d 438, 441 (9th Cir. 1978).  Vague and conclusory allegations

19   concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u>

20   <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

21   II. <u>The Eighth Amendment and Inadequate Medical Care</u>

22          The unnecessary and wanton infliction of pain constitutes cruel and unusual punishment

23   prohibited by the Eighth Amendment.  <u>Whitley v. Albers</u>, 475 U.S. 312, 319 (1986); <u>Ingraham v.</u>

24   <u>Wright</u>, 430 U.S. 651, 670 (1977); <u>Estelle v. Gamble</u>, 429 U.S. 97, 105-06 (1976).  In order to

25   prevail on a claim of cruel and unusual punishment, a prisoner must allege and prove that

26   objectively he suffered a sufficiently serious deprivation and that subjectively prison officials

27   acted with deliberate indifference in allowing or causing the deprivation to occur.  <u>Wilson v.</u>

28   <u>Seiter</u>, 501 U.S. 294, 298-99 (1991).

4

Where a prisoner's Eighth Amendment claims arise in the context of medical care, the prisoner must allege and prove "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle, 429 U.S. at 106.  An Eighth Amendment medical claim has two elements:  "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1991), overruled on other grounds by WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" McGuckin, 974 F.2d at 1059 (quoting Estelle, 429 U.S. at 104).  Indications of a serious medical need include "the presence of a medical condition that significantly affects an individual's daily activities." Id. at 1059-60.  By establishing the existence of a serious medical need, a prisoner satisfies the objective requirement for proving an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

If a prisoner establishes the existence of a serious medical need, he must then show that prison officials responded to the serious medical need with deliberate indifference. See Farmer, 511 U.S. at 834.  In general, deliberate indifference may be shown when prison officials deny, delay, or intentionally interfere with medical treatment, or may be shown by the way in which prison officials provide medical care. Hutchinson v. United States, 838 F.2d 390, 393-94 (9th Cir. 1988).  Before it can be said that a prisoner's civil rights have been abridged with regard to medical care, however, "the indifference to his medical needs must be substantial.  Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  See also Toguchi v. Soon Hwang Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) ("Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."); McGuckin, 974 F.2d at 1059 (same).  Deliberate indifference is "a state of mind more blameworthy than negligence" and "requires 'more than

/////

5

1    ordinary lack of due care for the prisoner's interests or safety.'"  <u>Farmer</u>, 511 U.S. at 835 (quoting

2    <u>Whitley</u>, 475 U.S. at 319).

3          Delays in providing medical care may manifest deliberate indifference.  <u>Estelle</u>, 429 U.S.

4    at 104-05.  To establish a claim of deliberate indifference arising from delay in providing care, a

5    plaintiff must show that the delay was harmful.  <u>See Hallett v. Morgan</u>, 296 F.3d 732, 745-46 (9th

6    Cir. 2002); <u>Berry v. Bunnell</u>, 39 F.3d 1056, 1057 (9th Cir. 1994); <u>McGuckin</u>, 974 F.2d at 1059;

7    <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335 (9th Cir. 1990); <u>Hunt v. Dental Dep't</u>, 865 F.2d 198,

8    200 (9th Cir. 1989); <u>Shapley v. Nevada Bd. of State Prison Comm'rs</u>, 766 F.2d 404, 407 (9th Cir.

9    1985).  In this regard, "[a] prisoner need not show his harm was substantial; however, such would

10   provide additional support for the inmate's claim that the defendant was deliberately indifferent to

11   his needs."  <u>Jett v. Penner</u>, 439 F.3d 1091, 1096 (9th Cir. 2006).  <u>See also McGuckin</u>, 974 F.2d at

12   1060.

13         Finally, mere differences of opinion between a prisoner and prison medical staff or

14   between medical professionals as to the proper course of treatment for a medical condition do not

15   give rise to a § 1983 claim.  <u>See Snow v. McDaniel</u>, 681 F.3d 978, 988 (9th Cir. 2012); <u>Toguchi</u>,

16   391 F.3d at 1058; <u>Jackson v. McIntosh</u>, 90 F.3d 330, 332 (9th Cir. 1996); <u>Sanchez v. Vild</u>, 891

17   F.2d 240, 242 (9th Cir. 1989); <u>Franklin v. Oregon</u>, 662 F.2d 1337, 1344 (9th Cir. 1981).

18                              **PLAINTIFF'S STATEMENT OF UNDISPUTED FACTS**

19         The evidence submitted by plaintiff in support of his motion for summary judgment

20   appears to establish the following.

21         1.  Defendant Rynerson witnessed plaintiff laying on the floor of the dayroom on

22   November 26, 2010.  (Pl.'s SUDF 1, Ex. D.)

23         2.  Plaintiff asked defendant Rynerson to summon medical staff.  (Pl.'s SUDF 2, Ex. D.)

24         3.  Defendant Rynerson failed to summon medical staff when plaintiff asked him to place

25   a medical code.  (Pl.'s SUDF 3, Ex. D.)

26         4.  Prior to plaintiff asking defendant Rynerson to call medical staff, plaintiff told

27   defendant Rynerson that he had fallen.  (Pl.'s SUDF 4, Ex. D.)

28   /////

                                                   6

5.  Defendant Berry witnessed plaintiff lying on the floor of the dayroom.  (Pl.'s SUDF 5, Ex. F.)

6.  Plaintiff asked defendant Berry to summon medical staff via medical code.  (Pl.'s SUDF 6, Ex. F.)

### DEFENDANTS' STATEMENT OF UNDIPUTED FACTS

The evidence submitted by defendants in support of their cross-motion for summary judgment appears to establish the following.

1.  Defendant Rynerson observed Sergeant Major direct defendant Berry to contact prison medical staff and request a medical evaluation for plaintiff.  Consequently, defendant Rynerson did not personally contact prison medical staff.  (Defs.' Resp. to Pl.'s SUDF 3, Ex. D.)

2.  After plaintiff requested a medical code, he said "I'm going man down.  I slipped from the water y'all left in my cell.  I'm gonna sue you.  I can't move.  I'm gonna tear your ass up.  I got me a lawsuit."  (Defs.' Resp. to Pl.'s SUDF 4, Ex. D.)

3.  After plaintiff requested a medical code, defendant Berry contacted the prison medical staff by telephone and requested a medical evaluation for plaintiff.  (Defs.' Resp. to Pl.'s SUDF 7, Ex. F.)

4.  Plaintiff alleges that fifteen to twenty minutes passed from the time he reported his injury to defendant Rynerson to the time he was taken for medical treatment.  (Defs.' Add'l SUDF 9, Pl.'s Dep. at 29-30.)

5.  Plaintiff has no medical evidence to show that this fifteen to twenty minute delay caused him further injury.  (Defs.' Add'l SUDF 10.)

6.  Plaintiff also does not allege that his injury was exacerbated by having to wait on the floor for medical personnel to arrive.  (Defs.' Add'l SUDF 11.)

7.  Plaintiff returned to his cell the same day and did not have long-term or lingering effects from the fall in his cell.  (Defs.' Add'l SUDF 12, Pl.'s Dep. at 36-37.)

8.  Plaintiff's hip replacement was not displaced.  (Defs.' Add'l SUDF 13, Pl.'s Dep. at 34.)

/////

**ANALYSIS**

In resolving cross-motions for summary judgment, the court must consider each party's evidence.  See Johnson v. Poway Unified School District, 658 F.3d 954, 960 (9th Cir. 2011). Because plaintiff will bear the burden of proof at trial, to prevail on summary judgment he must affirmatively demonstrate that based upon the undisputed facts no reasonable trier of fact could find other than for him.  See Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007).  Because defendants do not bear the burden of proof at trial, in moving for summary judgment they need only prove an absence of evidence to support plaintiff's case.  See Oracle Corp., 627 F.3d at 387.  Below, the court will address each party's motion in turn.

I. Plaintiff's Motion for Summary Judgment

First, the court finds that plaintiff has failed to meet his initial burden of demonstrating on summary judgment that the defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment when they delayed summoning medical care for him after his fall.  The parties do not dispute that, at most, fifteen to twenty minutes passed from the time plaintiff reported his injury to defendant Rynerson to the time he was taken for medical treatment for his fall.  As noted above, delays in providing medical care may manifest deliberate indifference.  See Estelle, 429 U.S. at 104-05.  However, where, as here, plaintiff has not submitted any competent evidence to show that the relatively brief delay he experienced in receiving attention caused him further harm, he has failed to establish a claim of deliberate indifference arising from delay in providing medical care.  See Hallett, 296 F.3d at 745-46 (delay in providing care does not constitute deliberate indifference unless inmate suffers significant harm as a result of the delay); Jett, 439 F.3d at 1096 (record included evidence, including doctor's notes, radiology summaries and the like, indicating that failure to timely set and cast fractured thumb resulted in deformity); Berry, 39 F.3d at 1057 (to establish deliberate indifference based on a delay in medical treatment, plaintiff must show the delay itself caused harm); Shapley, 766 F.2d at 407 (a delay in medical treatment must lead to further injury to support a claim of deliberate indifference); Velasquez v. Barrios, No. 08-56634, 2012 WL 2060660 at *1 (9th Cir. 2012) ("[W]hen, as here, a claim is based on a delay in treatment, such a delay only rises to a

1    constitutional violation if it caused the prisoner 'substantial harm.'")[1] (quoting <u>Wood</u>, 900 F.2d at

2    1335); <u>Cramer v. Target Corp.</u>, No. 1:08-cv-01693-SKO, 2011 WL 5873401 at *18 (E.D. Cal.

3    Nov. 22, 2011) ("The question for purposes of Plaintiff's claim, however, is not whether the

4    injuries he sustained on March 3, 2008, have caused him any further harm, but whether the *delay*

5    in treatment caused him any further harm. It is the *delay* in treatment that is the essence of

6    Plaintiff's civil rights claim for deliberate indifference, not the harm he suffered as a result of his

7    injury in and of itself.").

8       Moreover, in considering plaintiff's motion for summary judgment, the court is required

9    to believe defendants' evidence and draw all reasonable inferences from the facts before the court

10   in defendants' favor.  Drawing all reasonable inferences from the evidence presented in

11   defendants' favor, the court finds that the defendants have submitted evidence sufficient to create

12   a genuine issue of material fact with respect to plaintiff's claim that they responded to his serious

13   medical needs with deliberate indifference.  Specifically, according to defendants' version of the

14   facts, after plaintiff requested a medical code, he said "I'm going man down.  I slipped from the

15   water y'all left in my cell.  I'm gonna sue you.  I can't move.  I'm gonna tear your ass up.  I got

16   me a lawsuit."  Sergeant Major directed defendant Berry to contact prison medical staff by

17   telephone and request a medical evaluation for plaintiff.  Defendant Berry summoned medical

18   attention.  Accordingly, defendant Rynerson having observed as much, did not need to also call

19   medical attention for plaintiff.  At most, fifteen to twenty minutes passed from the time plaintiff

20   reported his injury to defendant Rynerson to the time plaintiff was taken for medical treatment.

21   Plaintiff has submitted no evidence suggesting that this brief delay caused him further injury.

22      Based on defendants' evidence, the court finds that a jury could conclude that defendants

23   acted reasonably under the  circumstances.  <u>See</u> <u>Farmer</u>, 511 U.S. at 825 (even where a prison

24   official knows of a substantial risk to an inmate's health but responds reasonably to the risk, he or

25   she cannot be found liable under the Cruel and Unusual Punishment Clause, even if harm is

26   ultimately not averted).  Indeed, defendants' evidence establishes that defendant Berry contacted

27

28   [1] Citation to this unpublished decision is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  medical staff on plaintiff's behalf, thereby indicating that the defendants did not purposefully

2  ignore or fail to respond to plaintiff's possible medical needs.  See McGuckin, 974 F.2d at 1059-

3  60 ("A defendant must purposefully ignore or fail to respond to a prisoner's pain or possible

4  medical need in order for deliberate indifference to be established.").

5  In short, based on the evidence presented in connection with the pending cross-motions

6  for summary judgment, a reasonable juror could conclude that defendants were not deliberately

7  indifferent to plaintiff's serious medical needs and therefore did not violate his rights under the

8  Eighth Amendment.  Accordingly, plaintiff's motion for summary judgment in his favor with

9  respect to his Eighth Amendment claims should be denied.

10  II.  Defendants' Motion for Summary Judgment

11  Turning to defendants' motion for summary judgment, the court finds that defendants

12  have borne their initial burden of demonstrating that there is no genuine issue of material fact

13  with respect to the adequacy of the medical care provided to plaintiff.  Specifically, the evidence

14  submitted by the defendants in support of their motion for summary judgment establishes that

15  after plaintiff fell, defendant Berry contacted the prison medical staff by telephone and requested

16  a medical evaluation for plaintiff.  No more than fifteen to twenty minutes passed from the time

17  plaintiff reported his injury to defendant Rynerson to the time plaintiff was taken for medical

18  treatment.  Plaintiff has submitted no evidence suggesting that this brief delay caused him further

19  injury. Rather, the evidence on summary judgment establishes that plaintiff returned to his cell

20  the same day and did not suffer any long-term or lingering effects from the fall in his cell.

21  Moreover, the evidence is undisputed that plaintiff's hip replacement was not displaced as a result

22  of his fall.

23  Given the evidence submitted by defendants in support of the pending cross-motion for

24  summary judgment, the burden shifts to plaintiff to establish the existence of a genuine issue of

25  material fact with respect to his inadequate medical care claims.  On defendants' motion for

26  summary judgment, the court is required to believe plaintiff's evidence and draw all reasonable

27  inferences from the evidence before the court in plaintiff's favor.  The court has reviewed

28  plaintiff's verified complaint and his opposition to defendants' motion.  Drawing all reasonable

1    inferences in plaintiff's favor, the court concludes that plaintiff has not submitted sufficient

2    evidence on summary judgment to create a genuine issue of material fact with respect to his claim

3    that defendants violated his rights under the Eighth Amendment.

4          Specifically, plaintiff has not come forward with any competent evidence to show that the

5    minor delay he experienced before receiving medical care caused him any further harm.  At most,

6    plaintiff has submitted to the court a medical record from four days after his fall that indicates he

7    reported his pain level was 7/10 at that time.  However, this medical record does not show that the

8    fifteen to twenty minute delay in receiving care about which he complains caused this alleged

9    harm as is required to defeat defendants' motion for summary judgment.[2]  See Matsushita, 475

10   U.S. at 587 ("Where the record taken as a whole could not lead a rational trier of fact to find for

11   the nonmoving party, there is no 'genuine issue for trial.'"); Coreas v. Miller, No. 12-17538, 536

12   Fed.Appx. 708 (9th Cir. Aug. 2, 2013) ("district court properly granted summary judgment

13   because Coreas failed to raise a genuine dispute of material fact as to whether a one-day delay in

14   changing Coreas's bandages following knee surgery caused him to contract cellulitis or to suffer

15   further injury and undue pain."); Gray v. Ulit, No. 12-16119, 2013 WL 226686 at *1 (9th Cir.

16   Jan. 15, 2013) ("district court properly granted summary judgment in favor of Dr. Ulit because

17   Gray failed to raise a genuine dispute of material fact as to whether the delay in treatment of his

18   retinal tear was harmful or led to further injury.")[3]; Torrence v. Hsueh, No. 2:10-cv-1222 KJM

19   KJN P, 2013 WL 322155 at *26 (E.D. Cal. Jan. 28, 2013) (defendants entitled to summary

20   judgment because plaintiff tendered no evidence suggesting that any delay in his medical

21   treatment ultimately caused him harm or that any remaining symptoms, including pain, were

22   caused by the delay).

23         Moreover, although plaintiff believes that the defendants should have summoned medical

24   care for him more quickly, and that the fifteen to twenty minute delay in doing so caused him

---

25   [2]  The court observes that at plaintiff's deposition, defense counsel asked him "how long did the
26   pain from the fall last?" and plaintiff responded, "I'm going to say about a day or two."  Defense
     counsel also asked plaintiff if he had "any lingering affect [sic] of the fall," and plaintiff
27   responded, "No.  Not that I know of."  (Pl.'s Dep. at 36-67.)

28   [3] See fn. 1, above.

1   harm, plaintiff's opinion in and of itself does not create a triable issue of fact.  See Fleming v.

2   Lefevere, 423 F.Supp.2d 1064, 1070 (C.D.Cal.2006) ("Plaintiff's own opinion as to the

3   appropriate course of care does not create a triable issue of fact because he has not shown that he

4   has any medical training or expertise upon which to base such an opinion."); Farmer v. Alavi, No.

5   EDCV 08-38 CJC (JC), 2010 WL 2164033 at *10 (C.D. Cal. Mar. 9, 2010) ("Plaintiff fails to

6   present evidence from which a reasonable jury could conclude that any delay in treatment, even if

7   it was due to a defendant's purposeful actions, caused additional harm to plaintiff . . . Although

8   plaintiff attests that defendant Alavi's delay caused plaintiff continuing physical pain and

9   suffering as well as mental harm, this lay opinion is conclusory, is lacking in foundation, is

10  otherwise unsupported, and is insufficient to defeat summary judgment."); Tyler v. Davis, No.

11  1:06-cv-00092-AWI-SMS PC, 2009 WL 4057882 at *7 (E.D. Cal. Nov. 19, 2009) ("Plaintiff is

12  not a medical expert and may not offer his own opinion that the delay led to additional, severe

13  injury to both of Plaintiff's knees and to a general deterioration in his health.").

14          Finally, the court observes that it is true that a delay in treating pain may at some point

15  rise to the level of a constitutional violation.  See McGuckin, 974 F.3d at 1060.  However, the

16  facts in this case involving a fifteen or twenty minute delay, in light of the evidence presented

17  here at the summary judgment stage of the litigation, do not meet that constitutional threshold.

18  See Heilman v. Lyons, No. 2:09-cv-2721 JAM KJN, 2013 WL 3772471 at *16 (E.D. Cal July 16,

19  2013) ("The needless suffering of pain may be sufficient to demonstrate further harm . . . [but] the

20  court cannot find that the, at most, three day delay in treatment – a period of time a reasonable

21  person might wait to seek medical treatment for a virus causing flu-like symptoms – was

22  sufficiently long that it requires a jury's resolution of plaintiff's Eighth Amendment claim.");

23  Quiroz v. California Dept. of Corrections and Rehabilitation, No. 1:06-CV-01426-OWW-DLB

24  PC, 2010 WL 3260132 at *10 (E.D. Cal. Aug. 18, 2010) ("It is also unclear what harm would

25  occur for the delay in receiving a corneal transplant. Vague claims of "pain and suffering" are

26  insufficient at the summary judgment stage to demonstrate a triable issue of material fact.").

27          In short, the undersigned finds that based on the evidence presented in connection with the

28  pending cross-motions for summary judgment, no reasonable juror could conclude that

1   defendants were deliberately indifferent to plaintiff's serious medical needs and therefore violated

2   his rights under the Eighth Amendment.  Accordingly, defendants' motion for summary judgment

3   in their favor should be granted with respect to plaintiff's Eighth Amendment claims.[4]

**CONCLUSION**

5        Accordingly, IT IS HEREBY RECOMMENDED that:

6        1.  Plaintiff's motion for summary judgment (Doc. No. 41) be denied;

7        2.  Defendants' cross-motion for summary judgment (Doc. No. 46) be granted; and

8        3.  This action be closed.

9        These findings and recommendations are submitted to the United States District Judge

10  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

11  after being served with these findings and recommendations, any party may file written

12  objections with the court and serve a copy on all parties.  Such a document should be captioned

13  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

14  objections shall be filed and served within seven days after service of the objections.  The parties

15  are advised that failure to file objections within the specified time may waive the right to appeal

16  the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

17  Dated:  February 5, 2014

19                                                            DALE A. DROZD
                                                              UNITED STATES MAGISTRATE JUDGE

20  DAD:9
    lips1337.57

---

[4] In light of these findings and recommendations, the court declines to address defendants' alternative argument that they are entitled to summary judgment in their favor based on the affirmative defense of qualified immunity.

13